**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

NATIONAL FIRE PROTECTION
ASSOCIATION, INC.,

        Plaintiff,

v.

INTERNATIONAL CODE COUNCIL,
INC., BUILDING OFFICIALS AND
CODE ADMINISTRATORS
INTERNATIONAL, INC.,
INTERNATIONAL CONFERENCE OF
BUILDING OFFICIALS, and
SOUTHERN BUILDING CODE
CONGRESS INTERNATIONAL, INC.,

        Defendants.

**03 CV 10848 DPW**

**CIVIL ACTION NO.**

RECEIPT # _46972_
AMOUNT $ _150_
SUMMONS ISSUED _yes_
LOCAL RULE 4.1 _✓_
WAIVER FORM _✓_
MCF ISSUED _____
BY DPTY. CLK. _TOM_
DATE _5-6-03_

**VERIFIED COMPLAINT**

MAGISTRATE JUDGE _Cohen_

For its Complaint, Plaintiff National Fire Protection Association, Inc. ("NFPA") alleges

and avers as follows:

<u>Introduction</u>

1.     This is an action arising from the wrongful use of NFPA's trademark

INTERNATIONAL ELECTRICAL CODE®. Pursuant to a settlement agreement between

NFPA and International Code Council, Inc. ("ICC"), Building Officials and Code Administrators

International, Inc. ("BOCA"), International Conference of Building Officials ("ICBO"), and

Southern Building Code Congress International, Inc. ("SBCCI") (BOCA, ICBO, and SBCCI

collectively referred to as the "ICC Parties"), ICC and the ICC Parties agreed that NFPA was the

exclusive owner of INTERNATIONAL ELECTRICAL CODE® and that ICC and the ICC

Parties would not use the trademark INTERNATIONAL ELECTRICAL CODE® or any

trademark confusingly similar to it. In breach of the agreement and in violation of applicable

BOS-609283 v2 0505565-0906

**DOCKETED**



law, ICC and the ICC Parties currently sell, offer for sale, and advertise ICC's electrical code under the marks "INTERNATIONAL ELECTRICAL CODE," "INTERNATIONAL CODE COUNCIL ELECTRICAL CODE" and "ICC ELECTRICAL CODE." Accordingly, NFPA brings claims of trademark infringement, false designation of origin, description and representation, breach of contract, breach of the covenant of good faith and fair dealing, unfair competition, unjust enrichment and violation of Mass. Gen. L. ch. 93A.

## The Parties

2.    NFPA is a Massachusetts corporation with offices located at One Batterymarch Park, Quincy, Massachusetts, 02269.

3.    Upon information and belief, defendant ICC is a California corporation with offices located at 5203 Leesburg Pike, Suite 600, Falls Church, Virginia, 22041.

4.    Upon information and belief, defendant BOCA is a Connecticut corporation with offices located at 4051 West Flossmoor Road, Country Club Hills, Illinois 60478.

5.    Upon information and belief, defendant ICBO is a California corporation with offices located at 5360 Workman Mill Road, Whittier, California 90601.

6.    Upon information and belief, defendant SBCCI is an Alabama corporation with offices located at 900 Montclair Road, Birmingham, Alabama 35213.

## Nature Of The Action

7.    This is an action arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, (hereinafter the "Lanham Act"), the Declaratory Judgment Act, 28 U.S.C. § 2201, and the common law of the Commonwealth of Massachusetts for breach of contract, breach of the covenant of good faith and fair dealing, unfair competition, unjust enrichment and Mass. Gen. L. ch. 93A.

Jurisdiction and Venue

8.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367 as it involves claims arising under the Lanham Act and substantial and related claims for declaratory relief, breach of contract, breach of the covenant of good faith and fair dealing, unfair competition, unjust enrichment, and violation of Mass. Gen. L. ch. 93A.  In addition, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, and this action is between citizens of different states.

9.     Upon information and belief, ICC and the ICC Parties transact business in this judicial district.

10.     Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c).

Brief History of NFPA and the Trademark

11.     The NFPA is an international, nonprofit, membership organization founded in 1896.  Its mission is to reduce the worldwide burden of fire and other hazards on the quality of life by providing and advocating scientifically based consensus codes and standards, research, training, and education.

12.     In more than 100 years of advocacy, NFPA has established its role as the leading worldwide developer of voluntary consensus codes and standards and the provider of information and advocacy on fire, electrical and other safety issues affecting life and property.

13.     NFPA's international membership is comprised of more than 75,000 individuals and 68 national trade and professional organizations from the United States, Canada, and 110 other countries.  The NFPA, among other things, publishes voluntary consensus codes and standards covering fire, electrical and other safety issues affecting life and property.  More than

6,300 volunteer committee members representing a wide variety of interests – including industry, labor, academia, insurers, consumers, the fire service and government - develop around 300 codes and standards. NFPA's codes and standards and other publications are distributed nationally and internationally throughout the United States, Canada, Mexico, Central America, South America, the Caribbean, and Asia.

14.    The NFPA's most successful and widely-distributed publication is the NATIONAL ELECTRICAL CODE®, also known as the NEC®. NFPA is the owner of the registered trademarks NATIONAL ELECTRICAL CODE® (serial number 1094460) and NEC® (serial number 1165496). The NATIONAL ELECTRICAL CODE® establishes requirements for the design and installation of electrical wiring systems. NFPA has distributed this publication under the mark NATIONAL ELECTRICAL CODE® since at least 1911, and has used it continuously in interstate commerce since that time.

15.    As a result of NFPA's distribution and promotional efforts, the NATIONAL ELECTRICAL CODE® has come to be known in the construction, design, electrical, fire safety, and regulatory communities as the definitive model electrical code. A substantial number of state and local governments routinely adopt the NATIONAL ELECTRICAL CODE® into law; many underwriters require that their insured structures be built in conformity with the NATIONAL ELECTRICAL CODE®; and many electrical inspectors and other government enforcement officials, contractors, and electrical utilities will not accept an electrical installation that does not comport with the NATIONAL ELECTRICAL CODE®.

16.    Currently, the NATIONAL ELECTRICAL CODE® has been adopted as the standard electrical code at the state, county, or local level in all of the 50 states and Puerto Rico, as well as in Mexico, Venezuela, Colombia, Costa Rica, and Panama.

17.     NFPA is also the owner of the registered trademark INTERNATIONAL ELECTRICAL CODE®, serial number 75049397.

18.     NFPA created and began using the INTERNATIONAL ELECTRICAL CODE® mark as a means of associating the NATIONAL ELECTRICAL CODE® and other related products with the concepts of international use and acceptance, and as a means of relating the series of products to each other as part of a unified, internationally accepted product line anchored by the NATIONAL ELECTRICAL CODE®.

19.     In October 1997, the NFPA began using the INTERNATIONAL ELECTRICAL CODE® mark on its Código Eléctrico Nacional 1996 edition, which is distributed throughout the United States and Latin America.  Since then the NFPA has used the mark on the many products it wishes to identify as part of the INTERNATIONAL ELECTRICAL CODE® series.  These products include the NATIONAL ELECTRICAL CODE® in various formats and in its various editions and in its Spanish translation.  Also included are many associated products: The NEC Handbook, The Electrical Inspection Manual, The User's Guide to the National Electrical Code, the two volume Pocket Guide to Electrical Installations Under the NEC, Manual Del Código Eléctrico Nacional, Manual De Inspección Eléctrica NFPA, and the NEC Guide to the Major Changes video.

ICC, The ICC Parties, And The Prior Trademark Case

20.     On or about March 24, 1999, ICC brought a civil action against NFPA in the United States District Court for the Eastern District of Virginia, Alexandria Division, as Civil Action No. 99-395-A (the "Civil Action"), in which ICC charged NFPA with trademark infringement and false designation of origin all arising out of NFPA's adoption and use of the name "INTERNATIONAL ELECTRICAL CODE."

21.    In the Civil Action, NFPA brought counterclaims against ICC and third party claims against the ICC Parties alleging trademark infringement, false designation of origin, dilution, unfair competition, unjust enrichment and declaratory relief with respect to their adoption and use of the name "INTERNATIONAL ELECTRICAL CODE."

22.    On or about December 1, 1999, NFPA, ICC, and the ICC Parties entered into a Settlement Agreement and Mutual Release (the "Agreement") with respect to the Civil Action, a true and accurate copy of which is attached hereto as Exhibit A.

23.    The Agreement provides that "[I]CC and the ICC Parties recognize that NFPA is the exclusive owner of the trademark 'INTERNATIONAL ELECTRICAL CODE.'" *See* Agreement § A, ¶ 1.

24.    The Agreement further provides that "ICC and the ICC Parties will not use the following trademarks, or any trademarks confusingly similar to the following trademarks, except in reference to the goods or services of NFPA: 'INTERNATIONAL ELECTRICAL CODE . . .'" *See* Agreement § A, ¶ 3.

25.    Upon information and belief, days before ICC, the ICC Parties, and NFPA executed the Agreement, ICC applied to register the trademark "ICC ELECTRICAL CODE."

26.    ICC and the ICC Parties currently sell, offer for sale, and advertise ICC's electrical code (the "Publication") under the marks "INTERNATIONAL ELECTRICAL CODE," "INTERNATIONAL CODE COUNCIL ELECTRICAL CODE" and "ICC ELECTRICAL CODE."

27.    ICC and the ICC Parties market and sell the Publication through ICC's e-commerce website known as http://www.ecodes.biz/ and various distributors who sell the Publication on the internet.  True and accurate copies of pages from ICC's website depicting the

marketing and sale of the Publication under the marks "INTERNATIONAL ELECTRICAL CODE," "INTERNATIONAL CODE COUNCIL ELECTRICAL CODE" and "ICC ELECTRICAL CODE" are attached hereto as Exhibit B.

28.    ICC's Publication is marketed and sold to the same customers and industry as those who purchase and/or use the products in the INTERNATIONAL ELECTRICAL CODE® series marketed by the NFPA.  In fact, ICC's Publication and advertisements for ICC's Publication make direct reference to the NATIONAL ELECTRICAL CODE® and they characterize the ICC's Publication as a comprehensive set of regulations for administering the NATIONAL ELECTRICAL CODE®.

29.    In light of NFPA's established use of the mark INTERNATIONAL ELECTRICAL CODE®, there is a high likelihood that consumers in the construction, design, electrical, fire safety, and regulatory industries and others with an interest in safety and the built environment, will be confused by ICC's and the ICC Parties' use of the marks "INTERNATIONAL ELECTRICAL CODE," "INTERNATIONAL CODE COUNCIL ELECTRICAL CODE" and "ICC ELECTRICAL CODE".

30.    By and through their actions, ICC and the ICC Parties are infringing NFPA's INTERNATIONAL ELECTRICAL CODE® mark, trading on NFPA's long-established name and reputation, falsely suggesting an affiliation or connection with the NATIONAL ELECTRICAL CODE® where none exists, and unfairly competing with the NFPA.

31.    Pursuant to the Agreement, NFPA, ICC, and the ICC Parties agreed "[t]hat jurisdiction and venue for any action brought to enforce the terms of this Agreement shall be in the United States District Court for the District of Massachusetts." *See* Agreement § G, ¶ 6.

<u>Count I – Trademark Infringement</u>

32.    As a cause of action and ground for relief, NFPA alleges trademark infringement under § 32 of the Lanham Act, and incorporates by reference the preceding paragraphs as part of this Count, with the same force and effect as if fully set forth herein.

33.    The NFPA is the owner of the registered trademark INTERNATIONAL ELECTRICAL CODE®.

34.    Continuously since on or about October 1997, NFPA has used the mark INTERNATIONAL ELECTRICAL CODE® to identify products in its electrical code series and to distinguish those products from those made and sold by others, by, among other things, prominently displaying the mark INTERNATIONAL ELECTRICAL CODE® on the goods and displays associated therewith.  In addition, NFPA has prominently displayed the INTERNATIONAL ELECTRICAL CODE® mark on advertising and periodicals throughout the world, including on its site on the World Wide Web.

35.    ICC's and the ICC Parties' use of the marks "INTERNATIONAL ELECTRICAL CODE," "INTERNATIONAL CODE COUNCIL ELECTRICAL CODE" and "ICC ELECTRICAL CODE" is in connection with goods that are similar and related to NFPA's INTERNATIONAL ELECTRICAL CODE® series.

36.    ICC's and the ICC Parties' use of the marks "INTERNATIONAL ELECTRICAL CODE," "INTERNATIONAL CODE COUNCIL ELECTRICAL CODE" and "ICC ELECTRICAL CODE" is similar in appearance, sound, meaning and commercial impression.

37.    As a result, ICC's and the ICC Parties' use of the marks "INTERNATIONAL ELECTRICAL CODE," "INTERNATIONAL CODE COUNCIL ELECTRICAL CODE" and "ICC ELECTRICAL CODE" is likely to cause confusion, to cause mistake and to deceive the

public as to the affiliation, connection, sponsorship, endorsement or approval by NFPA of ICC's Publication, and by falsely suggesting an affiliation or connection between the NATIONAL ELECTRICAL CODE® and ICC's Publication. Such use is without permission or authority of NFPA.

38.    ICC and the ICC Parties have infringed NFPA's mark in interstate commerce by various acts, including, but not limited to, selling, offering for sale, and advertising ICC's Publication under the marks "INTERNATIONAL ELECTRICAL CODE," "INTERNATIONAL CODE COUNCIL ELECTRICAL CODE" and "ICC ELECTRICAL CODE."

39.    The acts of ICC and the ICC Parties have caused and, unless enjoined, will continue to cause NFPA immediate and irreparable damage for which it has no adequate remedy at law.

40.    As a further and direct proximate result of the acts of ICC and the ICC Parties, NFPA has sustained and will continue to sustain loss of value of its business and associated good will, loss of revenue, and other monetary damages in an amount which is presently indeterminable.

41.    Upon information and belief, the actions of ICC and the ICC Parties were and are willful and intentional, making this case exceptional within the meaning of § 35 of the Lanham Act.

## Count II – False Designation of Origin, Description and Representation

42.    As a cause of action and ground for relief, NFPA alleges unfair competition by ICC's and the ICC Parties' false description and representation under § 43(a)(1) of the Lanham Act, and incorporates by reference the preceding paragraphs as part of this Count, with the same force and effect as if fully set forth herein.

43.    ICC's and the ICC Parties' unauthorized adoption and use of the marks "INTERNATIONAL ELECTRICAL CODE," "INTERNATIONAL CODE COUNCIL ELECTRICAL CODE" and "ICC ELECTRICAL CODE" is a false and misleading representation by the ICC and the ICC Parties of ICC's Publication and the origin thereof, as it falsely represents an affiliation, connection, association, sponsorship, endorsement or approval by the NFPA of ICC's Publication, and an affiliation or connection between the NATIONAL ELECTRICAL CODE® and ICC's Publication.

44.    These false and misleading representations of fact by ICC and the ICC Parties have caused confusion, and are likely to continue to cause confusion, or to cause mistake or to deceive the public by misrepresenting such affiliation, connection, sponsorship, endorsement or approval by NFPA of ICC's Publication, and an affiliation or connection between the NATIONAL ELECTRICAL CODE® and the Publication, within the meaning of § 43(a)(1) of the Lanham Act, thereby causing NFPA immediate and irreparable damage.

45.    The acts of ICC and the ICC Parties have caused and, unless enjoined, will continue to cause NFPA immediate and irreparable damage for which it has no adequate remedy at law.

46.    As a further and direct and proximate result of the acts of ICC and the ICC Parties, NFPA has sustained and will continue to sustain loss of value of its business and associated good will, loss of revenue, and other monetary damages in an amount which is presently indeterminable.

47.    Upon information and belief, the false designations of origin and false descriptions of fact by ICC and the ICC Parties were and are willful and intentional, making this case exceptional within the meaning of § 35 of the Lanham Act.

### Count III – Declaratory Judgment

48.     As a cause of action and ground for relief, NFPA asks this Court, pursuant to 28 U.S.C. § 2201 of the Declaratory Judgment Act, to declare that ICC and the ICC Parties have no right to use the marks "INTERNATIONAL ELECTRICAL CODE," "INTERNATIONAL CODE COUNCIL ELECTRICAL CODE" and "ICC ELECTRICAL CODE" and that ICC's and the ICC Parties' use of the marks "INTERNATIONAL ELECTRICAL CODE," "INTERNATIONAL CODE COUNCIL ELECTRICAL CODE" and "ICC ELECTRICAL CODE" infringes NFPA's INTERNATIONAL ELECTRICAL CODE® mark and has caused, and will cause, confusion amongst purchasers and potential consumers of the NFPA's INTERNATIONAL ELECTRICAL CODE®.

49.     This case presents questions of an intrinsically legal nature, and actual controversies exist among the parties.

### Count IV – Breach of Contract

50.     As a cause of action and ground for relief, NFPA alleges breach of contract, and incorporates by reference the preceding paragraphs as part of this Count, with the same force and effect as if fully set forth herein.

51.     By virtue of the Agreement between NFPA, ICC, and the ICC Parties, ICC and the ICC Parties agreed that they would not use the trademark "INTERNATIONAL ELECTRICAL CODE" nor would ICC or the ICC Parties use any trademark confusingly similar to "INTERNATIONAL ELECTRICAL CODE." *See* Agreement, § A, ¶ 3.

52.     In direct breach of the Agreement, ICC and the ICC Parties are using the trademark "INTERNATIONAL ELECTRICAL CODE." ICC and the ICC Parties are in further breach of the Agreement through their use of the trademarks "INTERNATIONAL CODE

- 11 -

COUNCIL ELECTRICAL CODE" and "ICC ELECTRICAL CODE," which are confusingly similar to "INTERNATIONAL ELECTRICAL CODE." Also in breach of the Agreement, ICC has registered the mark "ICC ELECTRICAL CODE."

53.    ICC's and the ICC Parties' breaches of the Agreement have caused and, unless enjoined, will continue to cause NFPA immediate and irreparable damage for which it has no adequate remedy at law.

54.    As a further and direct proximate result of the acts of ICC and the ICC Parties, NFPA has sustained and will continue to sustain loss of value of its business and associated goodwill, loss of revenue, and other monetary damages in an amount which is presently indeterminable.

Count V – Breach of the Covenant of Good Faith and Fair Dealing

55.    As a cause of action and ground for relief, NFPA alleges breach of the covenant of good faith and fair dealing, and incorporates by reference the preceding paragraphs as part of this Count, with the same force and effect as if fully set forth herein.

56.    Pursuant to the terms of the Agreement between NFPA, ICC, and the ICC Parties, ICC and the ICC Parties owed certain obligations to NFPA.

57.    ICC and the ICC Parties also owed NFPA a duty of good faith and fair dealing in ICC's and the ICC Parties' performance of their obligations owed to NFPA under the Agreement.

58.    ICC and the ICC Parties breached the duty of good faith and fair dealing by using NFPA's trademark "INTERNATIONAL ELECTRICAL CODE" and by using the confusingly similar trademarks "INTERNATIONAL CODE COUNCIL ELECTRICAL CODE" and "ICC ELECTRICAL CODE." Also in breach of the Agreement, days before ICC, the ICC Parties, and

NFPA executed the Agreement, ICC applied to register the trademark "ICC ELECTRICAL CODE" and subsequently registered the mark "ICC ELECTRICAL CODE."

59. ICC's and the ICC Parties' breaches of the covenant of good faith and fair dealing have caused and, unless enjoined, will continue to cause NFPA immediate and irreparable damage for which it has no adequate remedy at law.

60. As a further direct and proximate result of ICC's and the ICC Parties' breach of the duty of good faith and fair dealing owed to NFPA, NFPA has been deprived of the benefits of the Agreement, and has sustained and will continue to sustain loss of value of its business and associated goodwill, loss of revenue, and other monetary damages in an amount which is presently indeterminable.

### Count VI – Common Law Unfair Competition

61. As a cause of action and ground for relief, NFPA alleges that ICC and the ICC Parties have infringed INTERNATIONAL ELECTRICAL CODE® name and mark, and have unfairly competed by attempting to trade on NFPA's valuable name and mark in violation of Massachusetts common law of trademark and service mark infringement and unfair competition, and incorporates by reference the preceding paragraphs as part of this Count, with the same force and effect as if fully set forth herein.

62. The ICC's and the ICC Parties' adoption and use of the marks "INTERNATIONAL ELECTRICAL CODE," "INTERNATIONAL CODE COUNCIL ELECTRICAL CODE" and "ICC ELECTRICAL CODE" in the manner described above, is likely to cause confusion, mistake or deception in the mind of the public and is intended to falsely represent to ICC's and the ICC Parties' benefit, an affiliation, connection, association, sponsorship, endorsement or approval of ICC's Publication by NFPA.  The NFPA has no control

- 13 -

over either ICC's or the ICC Parties' use of the marks "INTERNATIONAL ELECTRICAL CODE," "INTERNATIONAL CODE COUNCIL ELECTRICAL CODE" or "ICC ELECTRICAL CODE" or the quality of ICC's Publication.

63. ICC's and the ICC Parties' unauthorized use of the marks "INTERNATIONAL ELECTRICAL CODE," "INTERNATIONAL CODE COUNCIL ELECTRICAL CODE" and "ICC ELECTRICAL CODE" as complained of herein is likely to cause, and upon information and belief, has caused confusion as to the source of the Publication offered for sale by ICC and the ICC Parties and has damaged NFPA's goodwill and reputation, thereby constituting infringement of NFPA's common law rights in the name and mark INTERNATIONAL ELECTRICAL CODE.®

64. The acts of ICC and the ICC Parties have caused and, unless enjoined, will continue to cause NFPA immediate and irreparable damage for which it has no adequate remedy at law.

65. As a further and direct result of the acts of ICC and the ICC Parties, NFPA has sustained and will continue to sustain loss of value of its business and associated good will, loss of revenue, and other monetary damages in an amount which is presently indeterminable.

Count VII – Unjust Enrichment

66. As a cause of action and ground for relief, NFPA alleges that ICC and the ICC Parties have been unjustly enriched by their appropriation of the marks "INTERNATIONAL ELECTRICAL CODE," "INTERNATIONAL CODE COUNCIL ELECTRICAL CODE" and "ICC ELECTRICAL CODE" under the Massachusetts common law of unjust enrichment, and incorporates by reference the preceding paragraphs as part of this Count, with the same force and effect as if fully rewritten herein.

67.    ICC's and the ICC Parties' unauthorized commercial exploitation of the marks "INTERNATIONAL ELECTRICAL CODE," "INTERNATIONAL CODE COUNCIL ELECTRICAL CODE" and "ICC ELECTRICAL CODE" unjustly enriches ICC and the ICC Parties under the common law of the Commonwealth of Massachusetts.  By trading on NFPA's valuable name and mark, ICC and the ICC Parties are unjustly obtaining profits and business. Such enrichment thereby causes NFPA immediate and irreparable damages, and unless enjoined, will continue to cause NFPA immediate and irreparable harm for which it has no adequate remedy at law.

68.    As a further and direct and proximate result of the acts of ICC and the ICC Parties, NFPA has sustained and will continue to sustain loss of value of its business and associated good will, loss of revenue, and other monetary damages in an amount which is presently indeterminable.

<u>Count VIII – Violation of Mass. Gen. L. ch. 93A</u>

69.    As a cause of action and ground for relief, NFPA alleges violation of Mass. Gen. L. ch. 93A, and incorporates by reference the preceding paragraphs as part of this Count, with the same force and effect as if fully set forth herein.

70.    At all relevant times hereto, ICC and the ICC Parties were engaged in trade or commerce within the meaning of Mass. Gen. L. ch. 93A, § 1(b).

71.    ICC's and the ICC Parties' actions as set forth herein constitute "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" within the meaning of Mass. Gen. L. ch. 93A, § 2.

72.    ICC's and the ICC Parties' actions occurred primarily and substantially within the Commonwealth of Massachusetts.

73.     At all relevant times, NFPA was engaged in the conduct of trade or commerce within the meaning of Mass. Gen. L. ch. 93A, § 1(b), and has suffered a loss of money or property in an amount to be determined at trial as a result of ICC's and the ICC Parties' violations of Mass. Gen. L. ch. 93A, § 2.

74.     ICC's and the ICC Parties' violations of Mass. Gen. L. ch. 93A, § 2 were willful and/or knowing violations of said statute.

75.     ICC and the ICC Parties are therefore liable, under Mass. Gen. L. ch. 93A, §§ 2 and 11, to NFPA in an amount equal to not less than twice and up to three times NFPA's damages.

76.     NFPA is also entitled to an award of reasonable attorneys' fees and costs incurred in this action as a result of ICC's and the ICC Parties' violations of Mass. Gen. L. ch. 93A, §§ 2 and 11.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff National Fire Protection Association, Inc. prays for judgment in its favor and against Defendant International Code Council, Inc., Building Officials and Code Administrators International, Inc., International Conference of Building Officials, and Southern Building Code and Congress International, Inc., and requests the following relief:

1.  That this Court enter judgment that ICC and the ICC Parties have infringed NFPA's INTERNATIONAL ELECTRICAL CODE® name and mark under § 32 of the Lanham Act;

2.  That this Court enter judgment that ICC and the ICC Parties have competed unfairly with NFPA under § 43(a) of the Lanham Act;

3.  That this Court declare pursuant to 28 U.S.C. § 2201 that ICC and the ICC Parties have no right to use the marks "INTERNATIONAL ELECTRICAL CODE," "INTERNATIONAL CODE COUNCIL ELECTRICAL CODE" and "ICC ELECTRICAL CODE" and that ICC's and the ICC Parties' use of the marks "INTERNATIONAL ELECTRICAL CODE," "INTERNATIONAL CODE COUNCIL ELECTRICAL CODE" and "ICC ELECTRICAL CODE" infringes

NFPA's INTERNATIONAL ELECTRICAL CODE® mark and has caused, and will cause, confusion amongst purchasers and potential consumers of NFPA's INTERNATIONAL ELECTRICAL CODE®.

4. That this Court enter judgment that ICC and the ICC Parties have breached the settlement agreement between NFPA, ICC, and the ICC Parties;

5. That this Court enter judgment that ICC and the ICC Parties have breached the covenant of good faith and fair dealing implied in the settlement agreement between NFPA, ICC, and the ICC Parties;

6. That this Court enter judgment that ICC and the ICC Parties have been unjustly enriched by trading on NFPA's name and mark;

7. That this Court enter judgment that ICC's and the ICC Parties' actions amount to violations of Mass. Gen. L. ch. 93A and that NFPA is entitled to an award of attorneys' fees and treble damages under the Act;

8. That ICC and the ICC Parties, their parents, subsidiaries, agents, employees, servants, attorneys, successors, and assigns and all others acting in privity or concert therewith, be preliminary and permanently enjoined and restrained from directly or indirectly:

   A. interfering with NFPA's use of the mark INTERNATIONAL ELECTRICAL CODE®;

   B. infringing NFPA's INTERNATIONAL ELECTRICAL CODE®;

   C. misleading the public by using the terms "INTERNATIONAL ELECTRICAL CODE," "INTERNATIONAL CODE COUNCIL ELECTRICAL CODE" and "ICC ELECTRICAL CODE", alone or in combination with any word or words which may be separated therefrom, as its name or mark;

   D. competing unfairly with NFPA by using the terms "INTERNATIONAL ELECTRICAL CODE," "INTERNATIONAL CODE COUNCIL ELECTRICAL CODE" and "ICC ELECTRICAL CODE", alone or in combination with any other word or words which may be separated therefrom, as its name or mark;

   E. committing any acts intended or likely to cause the public to believe falsely that any of the ICC's or the ICC Parties' products or services are associated with, sponsored by, or approved by, guaranteed by, connected with or produced under the control and supervision or within the authority of NFPA; and

   F. continuing to perform in any manner whatsoever any of the other acts complained of herein.

9.      That this Court award compensatory damages as proved at trial for the injuries sustained by NFPA as a result of the acts of ICC and the ICC Parties, that this case be declared exceptional, that ICC and the ICC Parties be required to pay NFPA all profits derived from their use of the marks "INTERNATIONAL ELECTRICAL CODE," "INTERNATIONAL CODE COUNCIL ELECTRICAL CODE" and "ICC ELECTRICAL CODE", and that such damages be trebled under § 35 of the Lanham Act in view of the willful and deliberate acts described herein;

10.     That this Court award exemplary and punitive damages as a result of the infringement of NFPA's mark by ICC and the ICC Parties;

11.     That this Court award pre-judgment and post-judgment interest, costs, and reasonable attorneys' fees, this being an exceptional case under § 35 of the Lanham Act;

12.     That this Court order cancellation of the registration for the "ICC ELECTRICAL CODE" mark;

13.     That this Court award such other and further relief as the Court may deem just and proper.

<u>NFPA REQUESTS A JURY TRIAL ON ALL ISSUES SO TRIABLE.</u>

NATIONAL FIRE PROTECTION
ASSOCIATION, INC.,

By its attorneys,

Thomas F. Holt, Jr., BBO# 238830
Tara C. Clancy, BBO# 567020
Phoebe S. Gallagher, BBO# 567103
Kirkpatrick & Lockhart LLP
75 State Street
Boston, MA 02109
(617) 261-3100

Dated: May 6, 2003

## **VERIFICATION**

The undersigned, Arthur E. Cote, states under the penalties of perjury that he has read the Verified Complaint; that all allegations of fact contained therein are based on his personal knowledge or on information given to him by persons with personal knowledge thereof, unless otherwise indicated; and that said allegations of fact are true to the best of his knowledge and belief.

Signed under the penalties of perjury this ⸦ day of May 2003.

_____
Arthur E. Cote

## <u>SETTLEMENT AGREEMENT AND MUTUAL RELEASE</u>

THIS AGREEMENT is made as of this __1__ day of _December_, 1999, by and between

INTERNATIONAL CODE COUNCIL, INC., a California corporation, with a place of business at 5203 Leesburg Pike, Suite 708, Falls Church, Virginia 22041 ("ICC"), BUILDING OFFICIALS AND CODE ADMINISTRATORS INTERNATIONAL, INC, a Connecticut corporation with offices located at 4051 West Flossmoor Road, Country Club Hills, Illinois 60478 ("BOCA"), INTERNATIONAL CONFERENCE OF BUILDING OFFICIALS, a California corporation with offices located at 5360 Workman Mill Road, Whittier, California 90601("ICBO"), and SOUTHERN BUILDING CODE CONGRESS INTERNATIONAL, an Alabama corporation with offices located at 900 Montclair Road, Birmingham, Alabama 35213 ("SBCCI") (BOCA, ICBO and SBCCI hereinafter collectively referred to as the "ICC Parties"); and

NATIONAL FIRE PROTECTION ASSOCIATION, a Massachusetts corporation with a place of business at One Batterymarch Park, Quincy, Massachusetts, 02269 ("NFPA").

### WITNESSETH:

WHEREAS, ICC brought a Civil Action against NFPA in the United States District Court for the Eastern District of Virginia, Alexandria Division, as Civil Action No. 99-395-A (the "Civil Action"), in which ICC charged NFPA with trademark infringement and false designation of origin all arising out of NFPA's adoption and use of the name "INTERNATIONAL ELECTRICAL CODE";

WHEREAS, ICC claims trademark rights in a family of marks in the form of "INTERNATIONAL ____ CODE," and does not intend to relinquish, or in any way waive, these trademark rights by entering into this Settlement Agreement;

WHEREAS, NFPA denied any wrongdoing, intentional or otherwise, and any liability to ICC;

BO-107911.07

WHEREAS, NFPA brought counterclaims against ICC and third party claims against the ICC Parties, alleging trademark infringement, false designation of origin, dilution, unfair competition, unjust enrichment and declaratory relief with respect to their adoption and use of the name "INTERNATIONAL ELECTRICAL CODE";

WHEREAS, ICC and the ICC Parties denied any wrongdoing, intentional or otherwise, and any liability to NFPA;

WHEREAS, NFPA, ICC and the ICC Parties now desire to settle all further controversy between them related to or arising out of the Civil Action, and the facts underlying the same, without thereby admitting any liability on the part of any of the parties, and to settle and compromise all matters, claims, differences and controversies between them, including the causes of action which were alleged, or could have been alleged, in the Civil Action, without the necessity of further litigation:

NOW, THEREFORE, in consideration of the mutual settlement and relinquishment of their respective claims, disputes and differences as provided hereinafter and the mutual promises and covenants made to each other in this Agreement, the NFPA, ICC and the ICC Parties, intending to be legally bound, hereby agree as follows:

A.    <u>Trademarks:</u>

<u>NFPA Trademarks</u>

1.    Subject to the provisions of this Agreement, ICC and the ICC Parties recognize that NFPA is the exclusive owner of the trademark "INTERNATIONAL ELECTRICAL CODE."

2.    ICC will identify and will take all actions necessary to withdraw promptly all applications for trademark registration, and to cancel any trademark registrations, of the mark "INTERNATIONAL ELECTRICAL CODE" throughout the world, specifically including, but not limited to, the United States, Canada, and Mexico. ICC will withdraw, with prejudice, its

- 2 -

opposition in the United States Patent and Trademark Office ("USPTO") to NFPA's application for registration of the trademark "INTERNATIONAL ELECTRICAL CODE". ICC and the ICC Parties further agree that they will not directly or indirectly take any action or cause any action to be taken that would impair or prevent NFPA's use or registration of that mark. ICC will provide consents to such registration by NFPA if requested by any governmental body or if otherwise reasonably necessary to advance NFPA's registration of the name and/or mark "International Electrical Code."

3.    ICC and the ICC Parties will not use the following trademarks, or any trademarks confusingly similar to the following trademarks, except in reference to the goods or services of NFPA: "INTERNATIONAL ELECTRICAL CODE," "NEC," "NATIONAL ELECTRICAL CODE," "CODIGO ELECTRICO NACIONAL" (collectively, the "NFPA Marks").

4.    NFPA, ICC and the ICC Parties will not use, or seek to register, any of the following titles or phrases anywhere in the world: "INTERNATIONAL LIFE SAFETY CODE," "INTERNATIONAL FLAMMABLE LIQUIDS CODE," "INTERNATIONAL LIQUEFIED PETROLEUM GAS CODE," "INTERNATIONAL FIRE ALARM CODE."

5.    ICC and the ICC Parties will not use the following trademarks, or any trademarks confusingly similar to the following trademarks, except in reference to the goods or services of NFPA: "LIFE SAFETY CODE," "FLAMMABLE LIQUIDS CODE," "LIQUEFIED PETROLEUM GAS CODE," "NATIONAL FIRE ALARM CODE."

6.    ICC and the ICC Parties will not seek to register as a trademark, under the laws of any government in the world, any of the NFPA Marks, or any marks confusingly similar to the NFPA Marks. ICC and the ICC Parties will not object to the use or trademark registration by NFPA of any of the NFPA Marks.

7.    ICC and the ICC Parties will not object to NFPA's use of the descriptive phrase "an International Codes and Standards Organization" in conjunction with NFPA's name

or logo or in conjunction with any NFPA trademark. ICC and the ICC Parties will not object to NFPA's use of the term "International" in referring to itself, its activities, its codes or standards, or the marks, "INTERNATIONAL ELECTRICAL CODE," "NEC," "NATIONAL ELECTRICAL CODE" and "CODIGO ELECTRICO NACIONAL," to the extent that such use is not confusingly similar to the ICC Marks.

### ICC Trademarks

8.    Except as otherwise provided herein, NFPA recognizes that ICC is the exclusive owner of trademarks in the form of "INTERNATIONAL ____ CODE," including, but not limited to: "INTERNATIONAL PLUMBING CODE," "INTERNATIONAL PRIVATE SEWAGE DISPOSAL CODE," "INTERNATIONAL MECHANICAL CODE," "INTERNATIONAL BUILDING CODE," "INTERNATIONAL PROPERTY MAINTENANCE CODE," "INTERNATIONAL FUEL GAS CODE," "INTERNATIONAL FIRE CODE," "INTERNATIONAL ZONING CODE," "INTERNATIONAL RESIDENTIAL CODE," "INTERNATIONAL ENERGY CONSERVATION CODE," "INTERNATIONAL ONE & TWO FAMILY DWELLING CODE," "INTERNATIONAL EXISTING BUILDING CODE," "INTERNATIONAL ADMINISTRATIVE CODE," "INTERNATIONAL BUILDING SECURITY CODE," "INTERNATIONAL SIGN CODE," "INTERNATIONAL HOUSING CODE" (collectively, the "ICC Marks"). NFPA further recognizes that ICC is the exclusive owner of the trademark "INTERNATIONAL CODE COUNCIL."

9.    As part of this understanding, except as provided in paragraphs 1, 3, 4, and 5 of this section, NFPA specifically recognizes ICC and the ICC Parties' right to register and use without opposition or interference all trademarks, using "INTERNATIONAL _____ CODE," including all such marks, except for the NFPA Marks, that are currently being used by, or that are the subject of any trademark registration filed by ICC and/or the ICC Parties, as well as any future mark or marks that ICC or the ICC Parties may develop using this phrase.

- 4 -

10.     Except as otherwise provided in this agreement, NFPA will identify and will promptly take all actions necessary to withdraw, with prejudice, its oppositions in the USPTO to ICC's applications for registration of trademarks in the form of "INTERNATIONAL ____ CODE," including, but not limited to: "INTERNATIONAL FIRE CODE," "INTERNATIONAL PLUMBING CODE," "INTERNATIONAL PRIVATE SEWAGE DISPOSAL CODE," "INTERNATIONAL SIGN CODE," "INTERNATIONAL BUILDING SECURITY CODE," "INTERNATIONAL HOUSING CODE," and "INTERNATIONAL ADMINISTRATIVE CODE."

11.     Except as provided in paragraphs 1, 3 and 4 of this section, NFPA specifically agrees to never file, or cause to be filed, oppositions or petitions to cancel any trademark application or registration currently owned by ICC in the form of "INTERNATIONAL ____ CODE," or any registration for an ICC trademark in the form of "INTERNATIONAL ____ CODE" that may result from an application currently pending before the USPTO, or any registration for an ICC trademark in the form of "INTERNATIONAL ____ CODE" that may result from an ICC trademark application filed in the future.

12.     Except for "INTERNATIONAL ELECTRICAL CODE," NFPA will promptly take all actions necessary to withdraw, with prejudice, all petitions to cancel any ICC trademark registration in the form of "INTERNATIONAL ____ CODE" currently pending before the USPTO, if any. Except for "INTERNATIONAL ELECTRICAL CODE," NFPA will promptly withdraw, with prejudice, all pending NFPA trademark applications, in the form of "INTERNATIONAL ____ CODE," anywhere in the world. NFPA will further refrain from filing any trademark applications, in the form of "INTERNATIONAL ____ CODE," anywhere in the world.

13.     NFPA will not use or seek to register as a trademark, under the laws of any government in the world, any of the ICC Marks, or any marks confusingly similar to the ICC Marks or seek to cancel such marks or any marks, except for the NFPA Marks, using

"INTERNATIONAL _____ CODE." Except as otherwise provided herein, NFPA will not object to nor directly or indirectly take any action or cause any action to be taken that would impair or prevent the use or trademark registration by the ICC or the ICC Parties of any of the ICC Marks worldwide. NFPA will provide consents to such registrations by the ICC or the ICC Parties if requested by any governmental body or if otherwise reasonably necessary to advance the ICC Parties' registration of any of the ICC Marks.

14.    Except as provided in paragraphs 1 and 3 of this section, NFPA will not use, seek to register, or object to the use or registration by the ICC or the ICC Parties of any trademark using the mark "INTERNATIONAL _____ CODE" or any marks confusingly similar thereto. NFPA will provide consents to such registrations by the ICC if requested by any governmental body or if otherwise reasonably necessary to advance the ICC's or the ICC Parties' registration of such marks.

### B.    Destruction of Goods:

ICC and the ICC Parties will destroy, or deliver to NFPA for destruction, all goods in their possession or within their control that bear the mark "INTERNATIONAL ELECTRICAL CODE," except those goods published by NFPA. Within 30 days of the signing of this Agreement, ICC and the ICC Parties shall each execute an affidavit in the form attached as Exhibit A attesting to such destruction or delivery.

### C.    Return of Documents:

NFPA, ICC and the ICC Parties will return all copies of documents produced and/or received during the course of document production and will not retain any documents of any opposing party in their possession, custody and control. The NFPA, ICC and the ICC Parties acknowledge the agreement entered into by and between their respective counsel, Kirkpatrick & Lockhart LLP and Christie, Parker & Hale, LLP, that any documents produced in the course of the Civil Action were produced for the use of counsel only. NFPA, ICC and the ICC Parties warrant and agree that all such documents will be returned to the opposing party. NFPA, ICC

- 6 -

and the ICC Parties further warrant and agree that the documents produced in the Civil Action were disclosed only to counsel and not to the parties to the Civil Action.

### D.    Publicity:

The parties agree that their only statement to the mass media with respect to the settlement of this litigation and the underlying dispute will take the form of the joint press release agreed upon between them, a copy of which is attached hereto as Exhibit B, it being the intention of the parties to present the matter to the media and the public as a neutral, rational, businesslike and constructive resolution of a dispute between respected organizations.

### E.    Dismissal of Civil Action:

Upon execution of this Agreement, the parties shall take all steps necessary to dismiss the Civil Action, with prejudice.

### F.    Mutual Release:

Upon the execution of this Agreement by the parties hereto, this Agreement shall constitute a MUTUAL RELEASE, REMISE, AND IRREVOCABLE DISCHARGE by NFPA of ICC and the ICC Parties and by ICC and the ICC Parties of NFPA of any and all claims, demands, obligations, damages, costs, rights, losses, causes of actions and/or liabilities of any nature and description whatsoever which (i) NFPA may have had, from the beginning of the world to the present, against ICC and the ICC Parties, and (ii) which ICC and the ICC Parties may have had, from the beginning of the world to the present, against NFPA, by reason of the events which resulted in the Civil Action, and facts underlying the same, it being understood and agreed that execution of this Agreement constitutes full settlement, satisfaction and discharge of any and all claims, rights, damages, demands, causes of action and/or liabilities of any nature, whatsoever, which were or could have been asserted in the Civil Action; provided, however, that this Agreement is not intended to and does not relieve the parties of liability for the obligations expressly assumed herein.

- 7 -

### G.    General Provisions:

1.    This Agreement represents the entire understanding between the parties and supersedes all prior agreements, whether written or oral, between the parties with respect to the subject matter of this Agreement. No waiver, amendment, or modification of any term of this Agreement shall be effective unless made in a writing executed by the party against whom such waiver, amendment, or modification is sought to be enforced. No failure or delay by either party in exercising any right, power, or remedy under this Agreement shall be deemed as a waiver of such right, power, or remedy, or as a waiver of any other term, condition or remedy.

2.    This Agreement shall bind the parties, their current and future affiliates, and their respective successors, representatives, and assigns.

3.    This Agreement shall be considered as drafted jointly by all the parties, and no uncertainty or ambiguity found in the terms hereof shall be construed for or against any party based on an attribution of drafting to any party.

4.    Except as provided in section D, all the parties to this Agreement agree that the terms and conditions of this Agreement shall be maintained in confidence and that no party shall give publicity via the mass media to the same.

5.    This Agreement may be executed in two or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same Agreement.

6.    This Agreement shall be construed in accordance with the laws of Massachusetts. The parties agree that jurisdiction and venue for any action brought to enforce the terms of this Agreement shall be in the United States District Court for the District of Massachusetts.

IN WITNESS WHEREOF, the parties place their signatures and seals on the respective dates set forth below.

INTERNATIONAL CODE COUNCIL

By: _____

Dated: _____

BUILDING OFFICIALS AND CODE
ADMINISTRATORS

By: _____

Dated: _____

INTERNATIONAL CONFERENCE OF
BUILDING OFFICIALS

By: _____

Dated: _____

SOUTHERN BUILDING CODE CONGRESS
INTERNATIONAL

By: _____

Dated: _____

NATIONAL FIRE PROTECTION
ASSOCIATION

By: _____

Dated: _____

- 9 -

IN WITNESS WHEREOF, the parties place their signatures and seals on the respective dates set forth below.

INTERNATIONAL CODE COUNCIL

By: _____

Dated: _____

BUILDING OFFICIALS AND CODE ADMINISTRATORS

By: _____

Dated: _____

INTERNATIONAL CONFERENCE OF BUILDING OFFICIALS

By: _____

Dated: _____

SOUTHERN BUILDING CODE CONGRESS INTERNATIONAL

By: _____

Dated: 11/30/99

NATIONAL FIRE PROTECTION ASSOCIATION

By: _____

Dated: Nov. 29, 1999

- 9 -

IN WITNESS WHEREOF, the parties place their signatures and seals on the respective dates set forth below.

INTERNATIONAL CODE COUNCIL

By: _____

Dated: _____

NATIONAL FIRE PROTECTION ASSOCIATION

By: _____

Dated: _Nov. 29, 1999_

BUILDING OFFICIALS AND CODE ADMINISTRATORS

By: _____

Dated: _12/1/99_

INTERNATIONAL CONFERENCE OF BUILDING OFFICIALS

By: _____

Dated: _____

SOUTHERN BUILDING CODE CONGRESS INTERNATIONAL

By: _____

Dated: _____







